**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br>　George H. Fallon Federal Building<br>　31 Hopkins Plaza, Suite 1432<br>　Baltimore, MD  21201<br><br>**Plaintiff,**<br><br>v.<br><br>**Protocall Communications, Inc.,**<br>　C/O Resident Agent Ellen P. Kleinknecht<br>　104 Severn River Road<br>　Severna Park, MD 21146<br><br>**Defendant.** | Civil Action No.<br><br><br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to LaShay Johnson ("Johnson"), who was adversely affected by such practices.  As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Protocall Communications, Inc. ("Defendant") unlawfully discriminated against Johnson by denying her reasonable accommodation, denying her training, and discharging her based on her disability (dyslexia) and her record of a disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant has continuously been a corporation doing business and operating within Laurel (Prince George's County), Maryland with at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6.      At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Johnson filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.

8. On or around January 12, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On or around April 19, 2018, the Commission issued to Defendant an Amended Letter of Determination finding reasonable cause to believe that the ADA was violated and again inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On or around May 8, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Defendant engaged in unlawful employment practices in violation of Sections 102(a) and (b) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b), in or around June 2016 when it denied Johnson reasonable accommodation, denied her training and discharged her because of her disability and record of a disability.

    a.     At all relevant times, Johnson was an individual with an actual disability and a record of a disability as defined by the ADA.

    b.     Johnson was diagnosed with dyslexia at the age of eight years and received accommodations throughout her years of schooling.

    c.     Johnson is substantially limited in the major life activities of reading, learning, and the proper functioning of the neurological system.

    d.     In 2016, Johnson applied for a job with Defendant as a telemarketer.

    e.     Johnson was qualified to perform the essential functions of the telemarketer position as defined by the ADA.

    f.     On or around June 14, 2016, Johnson commenced a three-day training with Defendant in Laurel (Prince George's County), Maryland which included reading a script.

    g.     During the training, Defendant's Residential Trainer Dominic Peterson expressed concerns about Johnson's ability to read a script and inquired whether she had a learning disability.

    h.     Johnson disclosed to Peterson, Defendant's Director of Training Janice Wahl and Defendant's Director of Human Resources Dawn Kus that she had dyslexia.

    i.     Defendant's Director of Human Resources Dawn Kus informed Johnson that Defendant "[did not] want to set [her] up for failure" and that there was no point in continuing with the training.

    j.     Defendant denied Johnson's request that she be permitted to take the script home to practice it.

    k.     On or about June 14, 2016, Defendant did not allow Johnson to continue her training and discharged her.

15. The effect of the practices complained of above in Paragraphs 14 has been to deprive Johnson, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Johnson.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C. Order Defendant to make whole Johnson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

  D. Order Defendant to make Johnson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 above.

  E. Order Defendant to make Johnson whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

  F. Order Defendant to pay Johnson punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

  G. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

  H. Grant such further relief as the Court deems necessary and proper in the public interest; and

  I. Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

           Respectfully submitted,

           JAMES L. LEE
           Acting General Counsel

           GWENDOLYN YOUNG REAMS
           Associate General Counsel

           DEBRA M. LAWRENCE
           Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney

/S/
_____
Eric S. Thompson
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD  21201
(410) 209-2232 (phone)
Eric.Thompson@eeoc.gov