UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 8:18-cv-02535-TDC |
| v. | ) ) | |
| PROTOCALL COMMUNICATIONS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

This action was instituted by Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Protocall Communications, Inc. ("Defendant" or "Protocall") alleging that Defendant unlawfully discriminated against LaShay Johnson by denying her reasonable accommodation and discharging her, in violation of Sections 102(a) and (b) of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, 42 U.S.C. § 12112(a), (b). The parties desire to resolve the Commission's action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the ADA. Defendant denies the allegations in the Complaint.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

## Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action which emanated from the Charge of Discrimination filed by LaShay Johnson. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. This Decree shall be in effect for a period of two years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. This Decree, being entered with the consent of Plaintiff and Defendant, shall not constitute an adjudication or finding on the merits of the case, nor shall it constitute or be construed as an admission of liability or wrongdoing by Defendant.

## Monetary Relief

4. Within ten days of entry of this Decree, Defendant shall pay monetary relief in the total amount of $31,000, representing $10,000.00 in back pay, $20,000.00 in compensatory damages, and $1,000 in attorneys' fees owed to LaShay Johnson. Defendant shall administer proper withholdings from the back pay portion for taxes and required employee contributions for FICA and Medicare. Defendant's required employer contributions for FICA and Medicare are separate from, and shall not be deducted from, the payment. The checks will be sent directly to Johnson, and a photocopy of the checks and related correspondence will be emailed to the EEOC Trial Attorney Jess Unger at jess.unger@eeoc.gov. After the end of the year, Defendant will

issue to Johnson a 2019 United States Internal Revenue Service Form W-2 for the back pay and a Form 1099 for the compensatory damages and attorneys' fees.

## Injunctive Relief

5. Defendant, its officers, agents, servants, employees, successors, and all persons acting or claiming to act in its behalf and interest hereby are enjoined from denying reasonable accommodations to qualified individuals with disabilities and violating the provisions of the ADA, and related regulations, including the following provisions:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . . and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

> [T]he term 'discriminate against a qualified individual on the basis of disability' includes . . . not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . .

42 U.S.C. § 12112(b)(5).

## Written ADA Policies & Procedures

6. Within 60 days of the entry of this Decree, Defendant will maintain written policies which address the prohibition of disability discrimination under the Americans with Disabilities Act. The written policies shall address Defendant's duty to reasonably accommodate qualified individuals with disabilities and shall contain procedures for employees requesting reasonable accommodations under the Americans with Disabilities Act. Defendant will distribute a copy of the written policies and procedures described above to all of its employees, and shall distribute either a paper copy or electronic version of the written policies and procedures to all employees hired thereafter within ten business days of the commencement of their employment. If Defendant's handbook is circulated to employees in electronic form, an individual

acknowledgement of receipt of the handbook, acceptance, and comprehension of the ADA policies & procedures must be required of each employee.

### ADA Training

7. Within two months from the entry of this Decree, and every year thereafter for the duration of this Decree, Defendant will provide all supervisors or managers and all individuals with human resources responsibilities with no fewer than two hours of live training on the requirements and prohibitions of the ADA. The ADA training will be conducted by an outside organization or law firm approved by the EEOC and shall cover all areas of prohibited ADA discrimination, but will include a special emphasis on reasonable accommodation and the duty to engage in an interactive process. The training will also include a component on outside resources which should be consulted in considering reasonable accommodations, including but not limited to the Equal Employment Opportunity Commission, the Job Accommodation Network (a service of the Office of Disability Employment Policy of the U.S. Department of Labor), and the Disability and Business Technical Assistance Centers. Defendant will maintain attendance records identifying the name and job title of the attendees at each session. Defendant will forward to EEOC a copy of the attendance records from the training session within five business days.

8. Within two months from the entry of this Decree and within ten business days of the date of hire and/or promotion of newly hired managers, supervisory personnel, and human resources personnel, Defendant shall provide such personnel with ADA training. The training will be conducted live or in DVD, Video, or Computer format. The content of the training shall be the same as that set forth in paragraph 7. Defendant will maintain records identifying the name and job title of the employees receiving such training, the date of commencement of each

such employee's managerial or supervisory position, and date of training. Every six months, for the duration of this Decree, Defendant will forward to EEOC a copy of the records regarding such training.

### Notice and Postings

9. Within ten business days of entry of this Decree, Defendant will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted at its facilities.

10. Within ten business days of entry of this Decree, Defendant will post in all places where notices to employees customarily are posted at its facilities Exhibit A ("Notice to Employees"). This Exhibit shall be posted and maintained for the duration of the Decree and shall also be signed by Defendant's CEO with the date of actual posting shown thereon. Should the Exhibit become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Exhibit are posted in the same manner as heretofore specified. Within 30 days of approval of this Decree, Defendant shall forward to the Commission's Baltimore Field Office a copy of the signed Notice (Exhibit A) and written certification that the Exhibit has been posted and a statement of the location(s) and date of posting.

### Monitoring Provisions

11. Every six months, Defendant will prepare and submit to the Commission a list of all individuals who have complained (internally or externally to a government agency) of or reported any discrimination in employment on the basis of disability during that six-month period. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report;

5

date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no individuals have complained of or reported any discrimination in employment on the basis of disability during that six-month period, Defendant will so inform the Commission's Baltimore Field Office.

12. In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, records, and interviews with employees at reasonable times. Upon ten business days' notice by the EEOC, Defendant will make available for inspection and copying any records requested by EEOC, facilities sought to be inspected by EEOC, and employees sought to be interviewed by EEOC.

13. In the event the Commission believes Defendant has failed to comply with any provision of this Decree, the Commission shall:

    a. Notify Defendant's counsel in writing of the alleged non-compliance by certified mail; and

    b. Afford Defendant at least 10 business days after service of the written notice to remedy the alleged non-compliance.

14. All materials required by this Decree to be sent to EEOC shall be addressed to:

    Equal Employment Opportunity Commission
    Baltimore Field Office
    Attention: Jess Unger, Trial Attorney
    31 Hopkins Plaza, Suite 1432
    Baltimore, Maryland 21201

16. The Commission and Defendant shall bear its own costs and attorneys' fees.

17. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of its respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

| FOR PLAINTIFF: | FOR DEFENDANT: |
|---|---|

*/s/ Debra Lawrence*
Debra M. Lawrence
Regional Attorney

*/s/ Maria Salacuse*
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

*/s/ Jess Unger*
Jess Unger
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201-2525
Phone: (410) 209-2763
E-mail: jess.unger@eeoc.gov

*/s/ Kirsten Eriksson*
Kirsten Eriksson (Bar No. 26884)
Miles & Stockbridge P.C.
100 Light Street
Baltimore, MD 21202-1036
(410) 385-3583
keriksson@milesstockbridge.com

(Signed by Jess Unger with permission of Kirsten Eriksson)

**SO ORDERED.**

Signed and entered this 25 day of March, 2019.

Theodore D. Chuang
United States District Judge

7



# NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EEOC AND PROTOCALL COMMUNICATIONS

The Americans with Disabilities Act ("the ADA") makes it unlawful for an employer to discriminate against qualified individuals with disabilities. The term "discriminate" includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability. The term "reasonable accommodation" includes modifications or adjustments which would enable the employee with a disability to enjoy equal benefits and privileges of employment which are enjoyed by other similarly situated employees without disabilities.

Protocall Communications is committed to complying with the ADA. To that end, it has created and disseminated procedures which make clear that qualified individuals with disabilities may be entitled to reasonable accommodation.

As always, employees or job applicants should feel free to report instances of discriminatory treatment to a supervisor, a manager, or Human Resources, at (301) 361-1113 at any time. We have established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person allegedly guilty of the discrimination.

Individuals are also free to make complaints of employment discrimination directly to the Equal Employment Opportunity Commission's Baltimore Field Office at the George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, Maryland 21201 or by calling 1-800-669-4000/ TTY (410) 962-6065. General information may also be obtained on the Internet at www.eeoc.gov.

---

CEO
Protocall Communications

Date Posted: